IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FRANKLIN C. SMITH,

     Petitioner,

v.

STANTON S. KAPLAN, et al,

     Respondents.

———————————————

## ORDER DIRECTING TRANSFER OF CASE

Before the court are the magistrate judge's reports and recommendations

docketed November 2 and November 4, 1999.  See Docs. 4 & 6.  The magistrate

judge recommends that the plaintiff's motion for emergency relief be denied and

that the action be transferred to the Southern District of Florida.

Upon review of the record, this court has determined that the

recommendation should be adopted.

Accordingly, it is ORDERED:

CERTIFIED A TRUE COPY
ROBERT A. MOSSING, CLERK

By: _____
Deputy Clerk

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTH DIST., FLA.
TALLAHASSEE, FLA.

ENTERED: 12-30-99
[Rules 58 a . 9(a) . . . . . 9(1) & 08 FRCRP]
Copies mailed to: Smith, USDCSF
BE

99 DEC 30 PM 3: 16

FILED

1. The magistrate judge's reports and recommendations (docs. 4 & 6) are adopted and incorporated by reference in this order of the court.

2. The plaintiff's motion for emergency relief (doc. 5) is DENIED.

3. The clerk shall TRANSFER this action to the United States District Court for the Southern District of Florida, Northern Division, for all further proceedings.

DONE AND ORDERED this _30th_ day of _December_ 1999.

_William Stafford_

WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE

2

11/15/99
(6:00 P.M.)

Not Forwarded to the Southern

"DISTRICT."

"DEAR, UNITED STATES DISTRICT COURT-Tallahassee, Fla"

"NOTICE OF CHANGE OF ADDRESS"

PLEASE Forward all proceedings To:

FRANKLIN C. SMITH
97 N.E. 15TH, ST
HOMESTEAD, FLORIDA
Zip code unknown.

Sincerely

Franklin c. Smith

CASE NO: 4:99CV400-WS, JUDGES INITIALS: S.K.



U.S. DISTRICT CT.
NORTHERN DIST. FLA
TALLAHASSEE, FLA.
99 NOV 18  PM 2: 03

8

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


FRANKLIN C. SMITH,

      Petitioner,

vs.                                  4:99cv400-WS

STANTON S. KAPLAN, et al.,

      Respondents.

_____/


### SECOND REPORT AND RECOMMENDATION

This cause was just returned to the undersigned by the clerk.  The day

before the first report and recommendation was filed, Petitioner filed an emergency

motion.  Doc. 5.  In his motion, he complains that his bond was denied, that he has

been placed in a higher risk dormitory, that he is cold, has been mentally

deteriorating, and is having anxiety attacks.  He also notes his "ethnic concerns"

that 90% of the prison is Jewish and he is Irish.







It has been recommended that this cause be transferred to the Southern

District for consideration of petitioner's habeas corpus claims.  Moreover,

Petitioner's claims regarding the conditions of confinement, even if they rise to the

level of a constitutional violation, may not proceed in this habeas corpus action

because release is not a possible remedy.  Fernandez v. United States, 941 F.2d

1488, 1494 (11th Cir. 1991); Gomez v. United States, 899 F.2d 1124, 1126

(11th Cir. 1990).  If Petitioner wishes to bring this in federal court he should do so

by filing a civil rights action in the district of confinement.  Unlike this habeas

corpus proceeding, a civil rights action would be subject to the Prison Litigation

Reform Act.

It is therefore respectfully **RECOMMENDED** that Petitioner's emergency

motion, doc. 5, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, this _____ day of November, 1999.


**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.


2

Case 0:00-cv-06004-WDF   Document 1   Entered on FLSD Docket 01/05/2000   Page 7 of 30   (78 P.M.)

(10/27/99)

CASE .o. (4.99CV400-WS.)

"EMERGENCY"

( To The OFFICE OF THE CLERK - UNITED STATES DIST. COURT

STATUS REPORT: ON (10/26/99) IN JUDGE Kaplan's COURT DENIED my right To a REASONABLE bond or To RESTORE The BOND I had prior To my detainment ON (7/26/99), which SENT me To The Fla state Hospital. HE Also is NOT Affording me a fair and reasona -ble Trial By seeking To force plea me By Being under duress By imprisonment, However, He As Judge Kaplan did Appoint me counsel BUT THE public Defender's office wont act on it and went To ganging up on me WiTH THreats And not To Call THem. I WAS mentally tormented By Judge Kaplan Approach of Cancelling me (4 Times) on The same day in holl -ing cells Before finally Bringing me forth only after (15 Hrs.) of Drudgery of Trying to get INTO his court rm.

I also have a JUDiciaL QUALification Commission complaint against him That is To Be going in front of The Commission in November. '99'.

I'm placed in a higher risk Bldg & dorm With a NON-VioLENT offense and its unbarably cold To where The guards wear spring WINTER JACKETS and us INmates only short sleve shirts and They as The officials wont Turn it down., whereas, I'm de -teriating mentally and having Anxiety attacks when The Jury is Aware of The TreatmeNT He ordered for me To have That he is accomplishing, which could Lead To death, while he flaunts with The state smiling & laughing To Them That my case aint serious at all.

RESPECTfully SUBMiTTED

Franklin C. Smith

5

ETHNIC CONCERNS: 90% of The system is Jewish and I'm Irish and pray This falls in The right hands, "Please Help".

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

FRANKLIN C. SMITH,

     Petitioner,

vs.                                    4:99cv400-WS

STANTON S. KAPLAN, et al.,

     Respondents.

_____   _____/

## REPORT AND RECOMMENDATION

    This cause is before the court upon a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254 and application for leave to proceed *in forma*

*pauperis* (IFP).

    At the time Petitioner completed his IFP application he was being held at the

Florida State Hospital in Chattahoochee, but indicated that he was to be transferred

on October 19, 1999.  Doc. 2.  The court has confirmed that Petitioner was

transferred to the Broward County Jail as anticipated, and the clerk has been





ENTERED ON DOCKET 11/2/99 BY ___

(Rules 58 & 79(a) FRCP  5(d), (e) 77 79 FRCRP)

Copies mailed to: Smith _____

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTH DIST., FLA.

99 NOV -2  PM 12: 26

FILED

instructed to change the address on the docket. The § 2254 challenges charges

pending in Broward County. Petitioner entered a plea of not guilty, and has not yet

been tried or convicted.

As a pre-trial habeas corpus petition this case proceeds under § 2241 rather

than § 2254. Stacey v. Warden, Apalachee Correctional Inst., 854 F.2d 401, 403,

and n. 1 (11th Cir. 1988), *citing* Braden v. 30th Judicial Circuit Court, 410 U.S.

484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) *and* Dickerson v. Louisiana, 816 F.2d

220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987).

Petitioner is not in custody in this district, and the charges against him are

not pending in this district. Venue for this action is more appropriate in the

Southern District of Florida, where Petitioner is incarcerated and the charges at

issue are pending. *See*, Braden, 410 U.S. 499, n. 15, 93 S.Ct. 1123, n. 15 noting

that a transfer to a more convenient forum might be appropriate under 28 U.S.C. §

1401(a)); 28 U.S.C. § 2241(d) (in a habeas action brought by a prisoner in custody

pursuant to a state court judgment, the district of confinement and the district of

conviction have concurrent jurisdiction); Parker v. Singletary, 974 F.2d 1562, 1582

and n. 118 (11th Cir. 1992) (courts should give careful consideration to the

convenience of witnesses in transferring habeas corpus petitions under § 2241(d)).

It is therefore respectfully **RECOMMENDED** that this case be **TRANSFERRED** to the United States District Court for the Southern District of Florida, Northern Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, this 2nd day of November, 1999.

**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA

1. FRANKLIN C. SMITH
   PLAINTIFF/PETITIONER

2. _____
   PLAINTIFF/PETITIONER

   v.                                    Case No. 4:99 cv 400 -ws

1. STANTON S KAPLAN
   DEFENDANT/RESPONDENT

2. micheal shew
   DEFENDANT/RESPONDENT

- - - - - - - - - - - - - - - /

## PRISONER CONSENT FORM
## AND FINANCIAL CERTIFICATE

### (Must Be Completed By All Prisoners)

I, FRANKLIN C. SMITH _____, plaintiff/petitioner in the above-entitled action, understand that:

1.    If I submit a petition for writ of habeas corpus in this court, the filing fee is $5.00.  I must pay such fee if my current prison account balance (line #1, Financial Certificate below), my average account balance (line #2, below), or my average monthly deposits (line #3, below), is $25.00 or more.

2.    If I submit a civil complaint (e. g., a civil rights action under 42 U.S.C. § 1983 or 28 U.S.C. § 1331), pursuant to the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915 (as amended), I must pay the $150.00 filing fee in full.  This means that, regardless of the court's disposition of my case (which may include dismissal), I AM STILL OBLIGATED TO PAY THE ENTIRE $150.00 FILING FEE, and:

      (a)   I must request that an authorized official at my present place of confinement complete the Financial Certificate below and attach a computer print-out reflecting all transactions in my prison account for the six month period preceding the filing of my complaint.  If I have not been incarcerated at this institution for six months, I must also obtain account print-out(s) from each penal facility at which I may have been confined during the relevant six month period and provide the print-out(s) to the authorized official completing my Financial Certificate.  If I fail to provide print-outs for the entire six month period or do not satisfactorily explain my inability to do so to the court, my motion to proceed in forma pauperis may be denied; and

      (b)   If my current account balance (line #1, below) is more than $200.00, I will not qualify for in forma pauperis status and I must pay the full filing fee of $150.00 before I will be allowed to proceed with the action; and

      (c)   If I do NOT have more than $200.00 in my account (line #1, below), before this action can proceed I will submit, upon order of the court, the initial partial filing fee, which shall be 20% of my average monthly balance (line #2, below) or the average monthly deposits to my account (line #3, below), whichever is greater.  My failure to submit the initial partial filing fee as ordered by the court may result in the dismissal of this action and in the relinquishment of any right to proceed in forma pauperis in future actions; and

2/97

99 OCT 14 PM 2:09

FILED

3

(d)   The officials at the institution at which I am presently confined or any institution to which I may be transferred are hereby authorized to make additional monthly payments from my account until the balance of the required $150.00 filing fee is paid. These additional monthly payments will be equal to 20% of all of the preceding month's deposits to my account.   Institution officials shall submit these monthly payments directly to the court whenever the funds in my account exceed $10.00 until the full filing fee is paid.   The court may also, from time to time, require me to provide additional financial records and order deductions from my prison account even when I do not have monies in my account in excess of $10.00.


_____                    _10/12/99_____
Signature of Prisoner                                Date

_FRANKLIN C. SMITH_____                    _T7-99-749_____
Prisoner's Name (print)                              Prisoner Number

*********************************************************************************

### FINANCIAL CERTIFICATE

(To Be Completed by Authorized Penal Official)

COMPUTER PRINT-OUT(S) REFLECTING ALL TRANSACTIONS IN THE
INMATE'S PRISON ACCOUNT(S) FOR THE PRECEDING SIX MONTHS MUST BE ATTACHED

1.   CURRENT ACCOUNT BALANCE                               $0.00

2.   AVERAGE MONTHLY BALANCE FOR PRECEDING SIX MONTHS       $9.62

3.   AVERAGE MONTHLY DEPOSITS FOR PRECEDING SIX MONTHS      $0.00

4.   INITIAL FILING FEE: 20% of the greater of #2 or #3     $1.92
     (Subject to verification by the court.)

*    It is the inmate's responsibility to obtain the required print-out(s) from each institution at which he may have been confined during the preceding six months and to provide them to the official completing this form.
     If print-outs or the above calculations do not represent the preceding six month period in its entirety, the official completing this form should explain here:




     I hereby certify that, as of this date, the above information for the prison account of the inmate named herein is correct.



_____     John G. Womble                _10-12-99_____
Signature of Authorized Official   Sr. Human Ser. Counselor Supvr.        Date

          PLEASE COMPLETE THIS FORM IN INK IN A COLOR OTHER THAN BLACK


2/97

*Claudius 9-2-04 fin*

RUN DATE- 10/11/99
ACCOUNT #: 113148
NAME: SMITH, FRANKLIN

Florida State Hospital
RESIDENT TRUST FUND
MONTHLY STATEMENT    UNIT/WD: 24G
DISPLAY SCREEN

RT04DM    PAGE- 1

| TYPE OF TRANSACTION | DATE OF TRANSACTION | AMOUNT OF TRANSACTION | RUNNING TOTAL BALANCE |
|---|---|---|---|
| GA  CASH | 8/04/99 | $ .48 | $ .48 |
| GP  EMERGENCY PCF | 8/11/99 | $ 12.50 | $ 12.98 |
| GI  TRADE CARD SPECIAL | 8/11/99 | $ 12.98 - | $ .00 |
| GP  PCF | 8/19/99 | $ 25.00 | $ 25.00 |
| GI  TRADE CARD | 8/19/99 | $ 25.00 - | $ .00 |
| SG  REDEPOSIT T.C. | 9/15/99 | $ 10.21 | $ 10.21 |
| GP  PERSONAL CARE FUNDS/SEPT '99 | 9/15/99 | $ 25.00 | $ 35.21 |
| GI  TRADE CARD-REG WEEKLY DRAW | 9/17/99 | $ 25.00 - | $ 10.21 |
| GI  TRADE CARD-REG WEEKLY DRAW | 9/24/99 | $ 10.21 - | $ .00 |

CURRENT BALANCE: $ .00

******** HIT ENTER: TO CONTINUE ********
CMD/7: END JOB

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA

1. FRANKLIN C. SMITH
   PLAINTIFF/PETITIONER

2. _____
   PLAINTIFF/PETITIONER

   v.

   Case No. 4:99 cv 400 WS

1. STANTON S. KAPLAN
   DEFENDANT/RESPONDENT

2. MICHAEL SHEW
   DEFENDANT/RESPONDENT

- - - - - - - - - - - - - - /

### MOTION TO PROCEED IN FORMA PAUPERIS

I, FRANKLIN C. SMITH _____, move to proceed *in forma pauperis* pursuant to Title 28 U.S.C. § 1915 in the above-entitled action. I am unable to make prepayment of fees or to give security therefor, and it is my belief that I am entitled to relief. I have not divested myself of any property, monies, or any items of value for the purpose of avoiding payment of said fees.

Franklin C. Smith
Signature of Plaintiff/Petitioner

### AFFIDAVIT IN SUPPORT OF MOTION TO PROCEED IN FORMA PAUPERIS

(Must Be Completed)

In support of this motion, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?  Yes (X)    No ( )

If "Yes," state the place of your incarceration: Broward County Jail To Florida - State Hospital Chattahoochie, However, Discharge date is Scheduled for The 18th of Oct. 99. Back To Broward County To Either face Trial or a Dismissal, this case Was served Dismissal.

NORTHERN DISTRICT
TALLAHASSEE, FLA.

99 OCT 14 PM 2:09

FILED

Revised 2/97

2

2.     Are you presently employed?     Yes ( )   No (✗)
       a.   If the answer is "yes," state the amount of your take-home salary
            or wages per month and give the name and address of your employer.
       b.   If the answer is "no," state the date of last employment and the
            amount of the take-home salary and wages per month which you
            received. *Been Homeless + Jobless for over 10 yrs + INC (see attached form inquir...)*

3.     Have you received within the past twelve months any money from any of
       the following sources?
       a.   Business, profession or other self-employment?
            Yes ( )   No (✗)
       b.   Rent payments, interest or dividends?
            Yes ( )   No (✗)
       c.   Pensions, annuities or life insurance payments?
            Yes ( )   No (✗)
       d.   Disability or workers' compensation payments?
            Yes ( )   No (✗)
       e.   Gifts or inheritances?
            Yes ( )   No (✗)
       f.   Any other sources?
            Yes ( )   No (✗)

If the answer to any of the above is "yes," describe each source of money and
state the amount received from each during the past twelve months.

       *N/A,   NONE.*

4.     Do you own any cash, or do you have money in a checking or savings account?
            Yes ( )   No (✗)   (Include funds in prison accounts.)
       If the answer is "yes," state the total value of the items owned.

5.     Do you own real estate, stocks, bonds, notes, automobiles, or other
       valuable property (excluding ordinary household furnishings and clothing)?
            Yes ( )   No (✗)
       If the answer is "yes," describe the property and state its approximate
value.
       *N/A, NONE*

6.     List the persons who are dependent upon you for support, state your
       relationship to those persons, and indicate how much you contribute toward
       their support.

       *N/A, EXCEPT MYSELF.*

**I declare under penalty of perjury that the foregoing is true and correct.**

( *Franklin C. Smith* )                    ( *10/9/99* )
**Signature of Plaintiff/Petitioner**         **Date**

Revised 2/97                    **2**

\* " *DUE TO THE AWKWARD CONDITIONS OF THIS CASE AND BEING CONDEMNED
ON MY COMPETENCY EVALUATION AND NO MOTIONS are BEING ANSWERED
THE FEDERAL COURTS CAN CONSTRUE THIS as BEING SENTENCED WITH NO
Peaceful RESOLUTION IN SIGHT at THE STATE LEVEL, THAT DOSE NOT have precedence
OVER Rule.54, oppeal to exhausting Remedies Especially when Judge WONT RECUSE himself.* "

AO 241 (Rev. 5/85)

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

4-99 (w 400 - ws

# United States District Court

| Name | District |
| --- | --- |
| FRANKLIN _____ SMITH | N7th Judicial Circuit Broward County Fla. |

| | Prisoner No. | Case No. |
| --- | --- | --- |
| | FL-18-7131 | 98-7665 CF 10A |

Place of Confinement

Broward County Jail Transferred To Florida State Hospital Chattahoochee.

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
| --- | --- |
| FRANKLIN SMITH | CIV-FERGUSON |
| | V. MAGISTRATE JUDGE |
| | STATE OF FLORIDA SORRENTINO |

The Attorney General of the State of: FLORIDA

00-6004

FILED by _____ D.C.

JAN - 3 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.

## PETITION

1. Name and location of court which entered the judgment of ~~conviction~~ *Detainment* under attack
   Court Broward County Florida in Fort Lauderdale.

2. Date of judgment of ~~conviction~~ *Detainment* July 1, 1999

3. Length of ~~sentence~~ *Detainment* appeals mooted are pending

4. Nature of offense involved (all counts) The alleged offense is less inaugurated on top most of Threatning To take a distructive device which have told big That any contained a piece or piece of that non-Threatning in nature, however I admit my Responsibility of Deceptive Info That was provided.

5. What was your plea? (Check one)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:
   N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial? — pending.
   Yes ☐   No ☐

8. Did you appeal from the judgment of conviction? State Appeals are mooted.
   Yes ☐   No ☐

U.S. DISTRICT CT.
NORTHERN DIST. FLA.
TALLAHASSEE, FLA.

99 OCT 14 PM 2: 09

(2)

AO 241 (Rev. 5/85)

9.  If you did appeal, answer the following:

   (a) Name of court  _____

   (b) Result _____

   (c) Date of result and citation, if known  _____

   (d) Grounds raised  _____

   _____

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

      (1) Name of court  _____

      (2) Result _____

      _____

      (3) Date of result and citation, if known  _____

      (4) Grounds raised  _____

      _____

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

      (1) Name of court  _____

      (2) Result_____

      _____

      (3) Date of result and citation, if known  _____

      (4) Grounds raised  _____

      _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
   Yes ☒        No ☐

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court  17th Judicial Circuit Court Broward County, Florida

      (2) Nature of proceeding  Motion to withdraw council, motion to appoint new council, motion to dis- miss charges, writ of habeas corpus at state level, motion to compel transcript

      (3) Grounds raised  alleged statement conviction on audio taped affidavit statement, petition a said something to the effect of which means or an teminess of inexpertise statement as if there not done is wrong scrib.

cv. 5/85)

_To dismiss Chucis under petition of the First Amendment meaning if so_
_it should be construed as hyperbole "figure of speech, like this been under us_

(4) Did you receive an evidentiary hearing on your petition, application or motion?
   Yes ☐        No ☒

(5) Result _No Respons ... iv (3 months)._

(6) Date of result _pending in an untimely manner._

(b) As to any second petition, application or motion give the same information:

   (1) Name of court _____

   (2) Nature of proceeding _____

   (3) Grounds raised _____*_____ _____ ... x xv/xv: pg 3_

   (4) Did you receive an evidentiary hearing on your petition, application or motion?
      Yes ☐        No ☐

   (5) Result_____

   (6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
   (1) First petition, etc.              Yes ☐        No ☐
   (2) Second petition, etc.             Yes ☐        No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.
   Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

_(see bottom of page 2 of motion to proceed in forma pauperis)_

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self−incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) (Denial of effective assistance of counsel.)

(h) Denial of right of appeal.

A.  Ground one: _No doubt there a lack of adequate representation, as it would be (i) Denial of right of effective assistance of counsel_

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

B.  Ground two: _____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

AO 241 (Rev. 5/85)

~~Ground three~~: The Above three professional's let personal feelings & belief alter my legitimate complaints. Instead of letter justice prevail. Because I a white Irish homeless man.

Supporting FACTS (state *briefly* without citing cases or law)  (Finally) - micheal shein also failed to a commitment to adequately represent his client by hindering his ability to present a 4th evaluation from Doctor spencer stating I'm competent to proceed. But rather my present's (2) out of the (3) that state I'm not competent. "See enclosed trial copies". At any rate, I was denied competency on (3/3/99) at the Fiscola state hospital in Vernon fla.

_____

_____

_____

D.    Ground four: _____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

14. Do you have any petition or ~~appeal~~ now pending in any court, either state or federal, as to the judgment under attack?
Yes ☒        No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

(a)    At preliminary hearing  Russel E. Friedman pub defender at 201 N.E. 6th st Ft Lauderdale Floride, for the 17th judicial circuit court Broward County.

(b)    At arraignment and plea  Russel E. Friedman on release due to bas complaint and michael shein was appointed at 2 N.E. 6th st Ft Lauderdale Fla, 4th Floor 33301.

AO 241 (Rev. 5/85)

(c)  At trial _____ N/A _____

_____

(d)  At sentencing _____

_____

(e)  On appeal _____

_____

(f)  In any post−conviction proceeding _____

_____

(g)  On appeal from any adverse ruling in a post−conviction proceeding _____

_____

16.  Were you ~~sentenced~~ "*derived*" on more than one count of an indictment, or on more than one indictment, in the same court and the same time?

Yes ☐      No ☒

17.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes ☐      No ☒

(a)  If so, give name and location of court which imposed sentence to be served in the future: _____

_____

(b)  Give date and length of the above ~~sentence:~~ (5 yrs.)

_____

(c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the ~~sentence~~ "*punishment*" to be served in the future?

Yes ☒      No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_Franklin Smith  PRO-SE,_
**Signature of Attorney (if any)**

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

(10/4/99)
_____
     (date)

_Franklin C. Smith_
**Signature of Petitioner**

PRO-SE,

\* PLEASE NOTE: PRO-SE, PLAINTIFF'S UNDER [7] FEDERAL RULES, ESSENTIALLY STATES THAT ANY + ALL CLAIMS MUST PROCEED WITH LESS STRINGENT STANDARDS WITHOUT DISMISSAL.

# "MEMORANDUM OF LAW"

Rule 8-1.1.     "Chapter 8 Lawyer referral rule , Statement of policy + purposes"

Every citizen of the STATE should have access to the legal system. A person's access to the legal system is enhanced by assistance of a qualified lawyer.

Citizens often encounter difficulty in identifying + locating lawyers who are willing + qualified to consult with them about their legal needs. To this end, because the non-for-profit State + local Bar assoc's are uniquely qualified to provide lawyer referral services under supervision by the Florida Bar for the benefit of the public. It is the policy of the Fla. Bar to support the establishment of local lawyer referral services and to encourage these services to (a) make legal services readily available to the gen. public through a referral method that considers the client's financial circumstances, spoken language, geographical convenience, and the type + complexity of the client's legal problems, (b) provide information about lawyers + the availability of legal services that will aid in the selection of a lawyer, (c) inform the public when + where to seek legal services + provide an initial determination of whether their services are necessary or available, (d) provide referral to consumer government + other agencies when the services can best interest so dictate. Amended July, 23 '92' effect Jan 1, '93' (see so retain).

RESPECTFULLY SUBMITTED

Franklin C. Smith

PRO, SE,

*Fierolcano*
*7/22*

# PSYCHOLOGICAL
# GROWTH

Trudy Block-Garfield, Ph.D.
Sandy Bernstein, Ph.D.
Barbara Flood, M.A., L.C.S.W., B.C.D.

## COMPETENCY EVALUATION

June 25, 1999

| | |
|---|---|
| NAME: | Franklin Smith |
| CASE NO: | 99-7661CF10A |
| JUDGE: | Honorable Stanton S. Kaplan |
| DATE OF EVALUATION: | 06/23/99 |
| DATE OF REPORT: | 06/25/99 |
| DATE SUBMITTED: | 06/28/99 |
| EVALUATOR: | Trudy Block-Garfield, Ph.D. |

**Summary of Findings:** Although Mr. Smith, at first glance, appears relatively reasonable and intact, within a short time paranoid delusions become evident. He is deemed incompetent to proceed as he is unable to adequately assist his attorney and to provide reasonable testimony. However, he does not appear to be a danger to himself or others. He does have mental difficulties and placement in some type of program where he will have a caseworker and will receive assistance in terms of training and employment is strongly recommended.

**Diagnostic Impressions:**

| | |
|---|---|
| AXIS I: | R/O Delusional Disorder |
| | R/O Alcohol Dependence |
| AXIS II: | Deferred |
| AXIS III: | None |
| AXIS IV: | Pending Criminal Charges |
| AXIS V: | GAF: 45 (Current) |

*"The Atty, micheal Shein had sent my whole Evaluations to the Fla. Bar in Desperation Regarding my complaint against him But the Bar rightfully sealed it from the public As if a compromise for me to feel content that They could of filed charges against me. Although, there was a 4th Evaluation missing, conveniently that is.*

*(Pertaining to petition)*

IT IS INAPPROPRIATE AND UNETHICAL TO ASSIGN A DEFINITIVE DIAGNOSIS ON THE BASIS OF A COMPETENCY EVALUATION. ANY DEFINITIVE ASSIGNMENT, UNLESS OBTAINED FROM HOSPITAL RECORDS AND LENGTHIER INTERVIEWS, COULD LEAVE THE EVALUATOR OPEN FOR LITIGATION.

6499 Powerline Road, Suite 209
Fort Lauderdale, Florida 33309
    Tel: (954) 772-6677
    Fax: (954) 772-6711



"A"

of the circumstances around him." He said that he was beaten on April 22, 1999 by four black officials and slapped by a nurse. "Now I get dizzy and have blackouts. When I get upset, I get dizzy."

With respect to prior arrests, he said there have been more than a hundred of arrests for misdemeanors during the past ten years. He interjected that he had no juvenile record, but he started going to jail at the age of 28 when he came to Florida for trespassing, "that's part of being homeless. They all get good credit for it, the prosecutors and the public defenders. I am the victim. I'm an easy victim." He stated that there was a felony conviction in 1993. He said that he was seeking shelter in a hotel room and got charged with burglary that ultimately was dropped to attempted burglary if he pled guilty, "so I did. I accepted under duress. There were race riots and I was sleeping on the floor and I had to get out of the jail."

With respect to the current charges, he said that he is charged with making a false bomb threat which was changed to threatening to throw a destructive device. "I got mad because they didn't let me use the bathroom. I read an article that they did a study on who killed individuals in school. They said in the past 50 years not one threat was followed through." He was asked where this occurred and said somewhere on North Federal Highway in Pompano. "I went into a bank and asked to use the bathroom. My leg hurt and I had to defecate and didn't want to go in my pants. I was in front of the Walgreen's, but he didn't let me in either. I drank a fifth of whiskey for the pain. My knee was messed up and my left arm was in a sling. I couldn't use it. My friend got me out and I wrote the chief judge that the judge should recuse himself..." He continued to ramble unintelligibly about the Eighth Amendment and something about checking the statutes and threatening to throw a device not being listed as a dangerous crime. He indicated that the penalty could be as long as 15 years incarceration and then he rambled about guidelines, saying that he has 37 points. He was asked to define a number of terms pertaining to judicial proceedings and provided generally reasonable responses. In terms of his relationship with his attorney, he stated that he has filed a Bar complaint because he had never seen her and when he went to court to get a bond reduction, it was raised instead. With respect to the way that his attorney is handling his case he said, "What I detect is that either she has caseloads, is intimidated or subdued and it's easier to sacrifice someone's life than to go against them. She has a lot of potential. The witnesses all agree that my intent was to use the bathroom." He continued to ramble on and said that he wrote President Clinton and explained that his family has fought in every war and then continued to go on about a Federal review regarding the way he was treated in Orlando.

**Summary:** Mr. Smith does present certain difficulties and it is difficult to discern which information is factual and what is delusional. He is deemed incompetent to proceed. However, he is not deemed to be a danger to himself or to others and, therefore does not require involuntary hospitalization. He does require some structure, however. It would be helpful to him were he to be placed in a program where he could receive assistance in the form of training for employment and the aid of a case worker. It would also be helpful were he to be evaluated for medication.

3

**Sherrie Bourg Carter, Psy.D., P.A.**

Forensic Assessment, Consultation, and Treatment Services

Post Office Box 936623
Margate, Florida 33093-6623

Phone: 954-345-0864
FAX: 954-345-9668

## COMPETENCY EVALUATION

| | | | |
|---|---|---|---|
| **Case Reference:** | FL v. Franklin Smith | **Case #:** | 99-7661CF10A |
| **Judge:** | Stanton Kaplan | **Date of Evaluation:** | 06/10/99 |
| **Date of Report:** | 05/11/99 | **Report Submitted:** | 06/11/99 |
| **Examiner:** | Sherrie Bourg Carter, Psy.D. | | |

**Forensic Findings:** It is my opinion that Mr. Smith is **competent** to proceed.

**Diagnostic Impressions:**

| | |
|---|---|
| Axis I: | Alcohol Dependence |
| Axis II: | Antisocial Personality Disorder |
| | * Rule out Paranoid Personality Disorder |
| Axis III: | none reported |
| Axis IV: | incarceration and legal problems |
| Axis V: | 55 |

* Please note that "rule out" diagnoses are provisional diagnoses. They are made when there is a presumption or suspicion that the full criteria for the diagnosis may ultimately be met, but not enough information was available at the time of the assessment to make a firm diagnosis. "Rule out" is a diagnostic term and does not mean that the diagnosis does not apply or has been ruled out as a possible diagnosis.

**Basis for Forensic Findings:** Mr. Smith accurately and rationally reported and understood the charge he is facing. He also understood that his charge is serious and a conviction could result in a significant prison sentence. Based on these responses, Mr. Smith is viewed as **capable of understanding the charges against him and the possible consequences of a conviction**.

Mr. Smith also accurately defined the terms, No Contest, Guilty, and Not Guilty; and he understood the roles of a defense attorney, judge, and jury. He further understood that witnesses who testify in Court can be questioned by the State as well as the Defense. He also recognized that, as a defendant, he does not have to testify, but if he does he can be questioned by the same attorneys. Such responses suggest that Mr. Smith **has the capacity to understand the nature of the adversarial legal process**.

In addition, Mr. Smith's capacity to communicate was good. He was able to discuss his case and get his position across without difficulty. He was able to relevantly and rationally respond to questions related to his charges and his legal situation. He reported no current communication problems with his attorney and understood it would be in his best interest to cooperate with his attorney. Based on this, there seems to be **no impairment in Mr. Smith's ability to rationally consult with his attorney or testify relevantly**.

Finally, Mr. Smith showed an adequate understanding of appropriate courtroom behavior and he understood the potential consequences of inappropriate behavior. He said he was once removed from the Court for speaking out at his bond hearing, but learned from this experience and has not

had any difficulty with his behavior in Court since. He also does not anticipate any future difficulties. He also evidenced no behavioral or affective control problems during the evaluation, and he recognized that any disruptive behavior in Court could result in further legal problems. Therefore, based on my observations of Mr. Smith as well as his statements, it is my opinion that he **has the capacity to engage in appropriate courtroom behavior**.

**Sources Relied Upon:**          Clinical Interview
                                  Mental Status Examination
                                  Competency Interview
                                  Probable Cause Affidavit

**Mental Status:** Mr. Smith is a 36 year old male who was evaluated at the Fort Lauderdale Jail. He was fully oriented and organized and goal-directed in his presentation. Confidentiality limitations were discussed with him and he demonstrated an understanding and acceptance of these limitations prior to the beginning of the evaluation. His speech was coherent and relevant. His affect was within normal range. There was no evidence that any psychiatric problems or symptoms are currently impacting his understanding of his situation or the legal system. There also was no evidence of or report of hallucinations or delusions, although he seems to hold some paranoid beliefs about the Mazda Corporation, a company he reportedly worked for in the past. He denied past suicide attempts and denied any current plan for suicide. His insight and judgment seem poor.

**Psychosocial Interview:**

   **Residential History:** Mr. Smith said he was born in Michigan. He has lived in Florida for the past ten years. At the time of his arrest, he reportedly was homeless and had been for ten years.

   **Family History:** Mr. Smith stated that he is the third of four children. His mother lives in Michigan; his father is deceased. He said he was raised by his parents. He denied witnessing any domestic violence or being the victim of abuse as a child. He said his father suffered from Schizophrenia and was an alcoholic.

   **Educational/Work History:** Mr. Smith said he left school in the 10th grade because he was not interested in school and was having family problems, but he got his GED in 1984. While in school, he reportedly attended regular classes and made average grades. He said he was suspended a few times for arguing with teachers and skipping class. At the time of his arrest, Mr. Smith reportedly was unemployed. He said his last job was for Mazda, but he was fired in 1990. He denied receiving disability.

   **Marital History:** Mr. Smith said he has never been married and has no children.

   **Criminal History:** Mr. Smith reported about 100 misdemeanor charges over the last ten years. He said he also has been charged with Attempted Burglary and Violation of Probation, but has never been sent to prison. Trespassing Seeking shelter Homeless.

   **Psychiatric History:** Mr. Smith denied any history of psychiatric care or treatment. He said he has never taken psychotropic medications and has never been psychiatrically hospitalized. He currently is not taking any medication at the jail. He also denied any symptoms of mental illness, but a paranoid predisposition seems to be a factor in his personality functioning.

*2*

MAG    LC2
CLOSED

U.S. District Court
Northern District of Florida (Tallahassee)

CIVIL DOCKET FOR CASE #: 99-CV-400

SMITH v. KAPLAN, et al                                          Filed: 10/14/99
Assigned to: Judge William Stafford
        Referred to: Magistrate Judge William C. Sherrill, Jr.
Demand: $0,000                                          Nature of Suit: 530
Lead Docket: None                                       Jurisdiction: Federal Question
Dkt# in other court: None

Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

FRANKLIN C SMITH                      FRANKLIN C SMITH
    petitioner                        [COR LD NTC pse] [PRO SE]
                                      97 NE 15TH ST
                                      HOMESTEAD, FL 33039

    v.

STANTON S KAPLAN
    respondent

MICHAEL SHEIN
    respondent

Docket as of December 30, 1999 4:12 pm        Page 1    NON-PUBLIC

```
INTERNAL USE ONLY: Proceedings include all events.        MAG    LC2
4:99cv400      SMITH v. KAPLAN, et al                     CLOSED
```

FRANKLIN C SMITH

      petitioner

  v.

STANTON S KAPLAN; MICHAEL SHEIN

      respondent

```
INTERNAL USE ONLY: Proceedings include all events.          MAG     LC2
4:99cv400      SMITH v. KAPLAN, et al                       CLOSED
```

10/14/99 --       ** Set clerk flag. (amm) [Entry date 10/18/99]

10/14/99 1        PETITION for writ of habeas corpus; 2 service copies (amm)
                  [Entry date 10/18/99]

10/14/99 2        MOTION by petitioner FRANKLIN C SMITH to Proceed in Forma
                  Pauperis (amm) [Entry date 10/18/99]

10/14/99 3        Prisoner Consent Form and FINANCIAL Certificate by
                  petitioner FRANKLIN C SMITH (amm) [Entry date 10/18/99]

10/14/99 --       Motion(s) referred: [2-1] motion to Proceed in Forma
                  Pauperis referred  to Magistrate Judge William C. Sherrill
                  Jr. (amm) [Entry date 10/18/99]

10/14/99 --       NOTICE to Pro Se of Case Filing and Pleading Format (amm)
                  [Entry date 10/18/99]

10/14/99 --       CASE REFERRED  to Magistrate Judge William C. Sherrill Jr.
                  (amm) [Entry date 10/18/99]

10/14/99 --       setting initial 90 day no activity deadline pursuant to
                  N.D.Fla.Loc.R.41.1 to 1/12/00 to check status (amm)
                  [Entry date 10/18/99]

11/1/99  5        MOTION by petitioner FRANKLIN C SMITH emergeny motion (amm)
                  [Entry date 11/03/99]

11/2/99  --       Plainitff's address changed to  Broward County Jail, P.O.
                  Box 9507, Ft. Luderdale, FL 33310 (amm)

11/2/99  --       NOTICE TO CHANGE ADDRESS of attorney FRANKLIN C SMITH for
                  petitioner FRANKLIN C SMITH of petitioner FRANKLIN C SMITH
                  TO: Broward County Jail; PO Box 9507; Ft Lauderdale, FL
                  33310 (per WCS chambers) (als)

11/2/99  4        REPORT AND RECOMMENDATION by Magistrate Judge William C.
                  Sherrill Jr. It is recommended that this case be
                  transferred tot he Southern District of Florida, Northern
                  Division for all further proceedings. Objections to R and R
                  due by 11/22/99 Motion(s) no longer referred: [2-1] motion
                  to Proceed in Forma Pauperis  Copies sent as noted on
                  document. (amm)

11/4/99  6        REPORT AND RECOMMENDATION by Magistrate Judge William C.
                  Sherrill Jr. It is recommeded that the [5-1] emergency
                  motion  be denied. Objections to R and R due by 11/24/99.
                  Motion(s) no longer referred: [5-1] motion emergeny motion,
                  [2-1] motion to Proceed in Forma Pauperis. Copies sent as
                  noted on document. (amm)

11/15/99 7        NOTICE TO CHANGE ADDRESS of  petitioner FRANKLIN C SMITH,
                  5099-26851 to North Broward Bureau, P.O. Box 407037, Ft.
                  Lauderdale, FL 33340 (amm) [Entry date 11/19/99]

```
INTERNAL USE ONLY: Proceedings include all events.        MAG    LC2
4:99cv400     SMITH v. KAPLAN, et al                      CLOSED
```

11/18/99 8      NOTICE TO CHANGE ADDRESS of  petitioner FRANKLIN C SMITH to
                97 N.E. 15th St, Homestead, FL (amm) [Entry date 11/19/99]

12/29/99 --     File Returned to Court:(with file) to Judge William Stafford
                Re: [6-1] report and recommendations, [4-1] report and (akr)
                [Edit date 12/29/99]

12/29/99 --     Resetting 90 day status check to 3/28/00 (akr)

12/30/99 9      ORDER by Judge William Stafford adopting [6-1] report and
                recommendations, adopting [4-1] report and recommendations
                denying [5-1] motion emergeny motion Transferring Case to
                the Southern District of Florida, Fort Pierce Division
                Copies sent as noted on document. (akr)

12/30/99 --     Interdistrict transfer to the Southern District of Florida,
                Fort Pierce Division (Copies mailed as noted on document: )
                (akr)

12/30/99 10     TRANSMITTAL LETTER to Southern District of Florida, Fort
                Pierce Division. (akr)

12/30/99 --     Case closed (akr)

```
Docket as of December 30, 1999 4:12 pm            Page 4    NON-PUBLIC
```